**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITEDHEALTHCARE INSURANCE COMPANY, | No.    22-55814 |
| Plaintiff, | D.C. No.<br>8:20-cv-02221-DOC-KES |
| v. | |
| SAHARA PALM PLAZA, LLC, a California Limited Liability Company; et al., | MEMORANDUM* |
| Defendants, | |
| and | |
| SAHARA PALM PLAZA, LLC, a California Limited Liability Company; et al., | |
| Third-party-plaintiffs-<br>Appellants, | |
| v. | |
| WARNER PACIFIC INSURANCE SERVICES, INC., | |
| Third-party-defendant-<br>Appellee, | |
| and | |

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ESHAGHIAN INSURANCE &
FINANCIAL SERVICES, INC.; et al.,

        Third-party-defendants.

UNITEDHEALTHCARE INSURANCE
COMPANY,

        Plaintiff-Appellee,

  v.

SAHARA PALM PLAZA, LLC, a California
Limited Liability Company; et al.,

        Defendants-third-party-
        plaintiffs-Appellants,

  v.

JOUBIN ESHAGHIAN; ESHAGHIAN
INSURANCE & FINANCIAL SERVICES,
INC.,

        Third-party-defendants-
        Appellees,

 and

ROES, 1 - 10 inclusive; WARNER PACIFIC
INSURANCE SERVICES, INC.,

        Third-party-defendants.

No.    23-55777

D.C. No.
8:20-cv-02221-DOC-KES

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted October 2, 2023
Pasadena, California

Before: GRABER, BYBEE, and BENNETT, Circuit Judges.

Third-Party Plaintiffs, Sahara Palm Plaza, LLC (CA), Sahara Palm Plaza, LLC (NV), and Alexander Javaheri, timely appeal the district court's entry of summary judgment for Third-Party Defendant Warner Pacific Insurance Services, Inc. in this diversity action, which raises claims of negligence and equitable indemnity under California law. Reviewing de novo, Davis v. Guam, 932 F.3d 822, 829 (9th Cir. 2019), we affirm.

1. The district court correctly granted summary judgment to Warner Pacific on the negligence claim. Third-Party Plaintiffs failed to establish that Warner Pacific owed them a duty under California law.

a. Warner Pacific did not exceed its authority as a general agent for UnitedHealthcare Insurance Company when it informed Joubin Eshaghian of the underlying group policy; discussed the updates regarding Roben Javaheri's employment and work hours with Eshaghian during a call; instructed Eshaghian to provide written confirmation of the updates; and later updated the application. On this record, the inquiries and discussions between Warner Pacific and Eshaghian concerning Roben's employment were customary practice within Warner Pacific's ordinary authority as general agent.

3

b.  No dual agency existed between Third-Party Plaintiffs and Warner Pacific because they had no long-term special relationship and because Warner Pacific is an insurance agent, not an insurance broker or independent agent.  See Maloney v. R.I. Ins. Co., 251 P.2d 1027, 1030–31 (Cal. Dist. Ct. App. 1953) (finding that an independent broker acted as an agent of both the insurer and the insured); Kurtz, Richards, Wilson & Co., Inc. v. Ins. Communicators Mktg. Corp., 16 Cal. Rptr. 2d 259, 263–64 (Ct. App. 1993) (noting that dual agency can be established where a special relationship exists); see also Eddy v. Sharp, 245 Cal. Rptr. 211, 214 (Ct. App. 1988) ("If an insurance agent is the agent for several companies and selects the company with which to place the insurance or insures with one of them according to directions, the insurance agent is the [independent] agent of the insured." (emphasis added)).

c.  The theory of a voluntary undertaking fails because Third-Party Plaintiffs suffered no physical harm or injury.  See Dent v. Nat'l Football League, 968 F.3d 1126, 1132 (9th Cir. 2020) (holding that, under California law, a voluntary-undertaking claim requires a showing of physical harm or injury).

d.  Even assuming that Eshaghian acted as a subagent of Warner Pacific, Warner Pacific did not direct or authorize the relevant wrongful acts because it had no knowledge of the acts and had neither the power nor the duty to prevent them. See Hilton v. Oliver, 269 P. 425, 426 (Cal. 1928) (holding that an original agent

4

may be liable if the agent "is guilty of negligence in the appointment of such subagent, or directs or authorizes the particular wrongful act of the subagent, or improperly co-operates in the latter's acts or omissions"); see also Fernelius v. Pierce, 138 P.2d 12, 20 (Cal. 1943) ("[P]ermitting an act, where one has knowledge that it is impending and has the power and duty to prevent it, is the equivalent of directing it, so far as legal responsibility therefor is concerned.").

e. Warner Pacific had no affirmative duty to investigate the representations made regarding Roben's employment with Sahara Palm. Nothing in the record suggests that Warner Pacific knew, or should have known, that the initial or amended representations concerning Roben's employment were false, inaccurate, or otherwise wrongful. See Mitchell v. United Nat'l Ins. Co., 25 Cal. Rptr. 3d 627, 640 (Ct. App. 2005) (holding that an insurance underwriter had no duty to investigate because there were "no facts [cited] . . . that should have alerted the underwriter of the need to investigate [the insured's] representations" and "[t]here [was] no evidence that [the underwriter] knew these representations were untrue" (emphasis added)). Warner Pacific reasonably relied on the representations offered by Eshaghian regarding Roben's employment status because "an insurer has the right to rely on the insured's answers to questions in the insurance application without verifying their accuracy." Id.

5

2. The district court properly granted summary judgment to Warner Pacific on the claim of equitable indemnity. As a matter of law, a plaintiff cannot recover under a theory of equitable indemnity where, as here, there is no viable tort claim. BFGC Architects Planners, Inc. v. Forcum/Mackey Constr., Inc., 14 Cal. Rptr. 3d 721, 724 (Ct. App. 2004).

**AFFIRMED.**